**REVISED SEPTEMBER 30, 2013**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2013

No. 12-51239
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL BARAJAS-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-2322-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raul Barajas-Ramirez (Barajas) pleaded guilty to one count of illegal reentry following removal. After hearing arguments from Barajas for a sentence at the low end of the guidelines range, the district court imposed a sentence of 96 months in prison, at the top of the range. Barajas made no objection. He now challenges his sentence as unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We ordinarily review sentences for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 52 (2007). However, as Barajas concedes, the failure to object to the reasonableness of the sentence imposed results in plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Nevertheless, even under the ordinary standard, Barajas is not entitled to relief.

When, as here, a district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Barajas asserts that his sentence is unreasonable because the illegal reentry Guideline (U.S.S.G. § 2L1.2) lacks an empirical basis, gives too much weight to prior convictions in determining the offense level, and results in double-counting. We have rejected similar challenges. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). In a similar vein, Barajas argues that § 2L1.2 lacks an empirical basis such that the presumption of reasonableness should not apply. As he properly concedes, this argument is foreclosed. *See id.*; *see also United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009) (holding same in plain error context). Barajas argues that his sentence overstates the seriousness of his unlawful entry offense because, he contends, it is a non-violent "international trespass." We have rejected such arguments. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Next, Barajas asserts that the guidelines range did not account for his personal circumstances, namely, that he was brought to the United States at 15; that he attended high school in Seattle and worked there as a cook for years; that at one time, he obtained permanent legal resident status; that his substance abuse issues resulted in his removal from the United States; and that he returned to the United States to be with his family. The district court considered Barajas's arguments but concluded that, given Barajas's lengthy criminal history, a sentence at the top of the range was required to satisfy the

2

sentencing goals under 18 U.S.C. § 3553(a) of providing just punishment, promoting respect for the law, deterring future crimes, and protecting the public. Barajas's mere disagreement with the weight the court gave the various § 3553(a) factors is not enough to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.